UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Felicia Gibbs; Hannah Gibbs; Felicia Gibbs ) <br> as Guardian ad litem for AG; Felicia Gibbs ) <br> as Guardian ad litem for RG; Elijah Gibbs; ) <br> Calvin Gibbs; ) <br> ) <br>      Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> John Doe; Heartland Express, Inc; ) <br> ) <br>      Defendants. ) <br> _____) | Civil Action No.: 4:17-cv-00179-RBH <br><br><br><br><br> **ORDER** |

This matter is before the Court on Defendant Heartland Express, Inc.'s [ECF No. 59] motion *in limine*. Defendant Heartland Express seeks to exclude: 1) any and all statements made by third party witness, Butch Palmore; and 2) any and all references to insurance or the Plaintiff's ability to pay medical costs.

Background

This case involves a traffic collision that occurred on April 12, 2016, on I-26 in the City of Irmo, South Carolina. [Complaint, ECF No. 1-1, at ¶8]. Plaintiffs allege that Defendant John Doe, or a driver of Heartland Express, Inc., collided with the Plaintiffs' vehicle by striking the left rear corner causing Plaintiffs' vehicle to crash into the guard rail. *Id*.

During her deposition, Plaintiff Felicia Gibbs was asked how she was able to identify Heartland Express as the truck that hit her. [Gibbs Dep., ECF No. 59-1 at 3]. Plaintiff Gibbs testified that a witness to the wreck, Butch Palmore, identified the truck as a Heartland Express truck at the scene shortly after the collision. The parties also took Butch Palmore's deposition. Butch Palmore testified that a Heartland Express truck was involved in the wreck. [Palmore Dep.,

ECF NO. 37-1 at 5].

I.      Statements from Butch Palmore

As to the statements made by Butch Palmore, Defendant Heartland Express moves to exclude testimony from Plaintiff Felicia Gibbs that Butch Palmore told her a Heartland Express truck was involved in the wreck.  Defendant argues that such testimony constitutes hearsay and should be excluded under Fed. R. Evid. 802.

Plaintiffs respond that because Palmore is available and will testify, the statement is not hearsay and is admissible under Fed. R. Evid. 801(d)(1)(B) as a prior consistent statement. Plaintiffs also argue that Palmore's statement to Gibbs constitutes an excited utterance under Fed. R. Evid. 803(2) and/or a present sense impression under Fed. R. Evid. 803(1).  While the Court agrees with Defendant Heartland Express that Palmore's statements do not constitute an excited utterance under Rule 803(2) or a present sense impression under Rule 803(1), Palmore's statement to Gibbs may be admissible under Fed. R. Evid. 801(d)(1)(B) as a prior consistent statement.  Palmore can certainly testify as to what he said to Gibbs.  Assuming Palmore testifies first and is subject to cross-examination, certainly Gibbs can confirm what Palmore said.

Rule 801(d)(1)(B) provides:

> **Statements That Are Not Hearsay**.  A statement that meets the following conditions is not hearsay:
> > (1) **A Declarant-Witness's Prior Statement**.  The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
> > > . . . .
> > > (B) is consistent with the declarant's testimony and is offered:
> > > > (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive

2

in so testifying; or
(ii) to rehabilitate the declarant's credibility
as a witness when attacked on another
ground.

Fed. R. Evid. 801(d)(1)(B).

Under Rule 801(d)(1)(B), a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement [is]... consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed.R.Evid. 801(d)(1)(B). The statement, however, must have been made before the declarant had a motive to fabricate. *See United States v. Henderson*, 717 F.2d 135, 138 (4th Cir.1983); *see also Tome v. United States*, 513 U.S. 150, 158 (1995) (holding that the out-of-court statement "must have been made before the alleged influence, or motive to fabricate, arose"). Thus, if the declarant (1) testifies at trial and is subject to cross-examination regarding the statement, (2) the prior statement is consistent with the declarant's testimony, (3) the prior statement is offered to rebut an express or implied charge of recent fabrication or improper influence or motive, and (4) the statement was made before the declarant had a motive to fabricate, the statement is not hearsay and is admissible. *See* Fed. R. Evid. 801(d)(1)(B); *Tome*, 513 U.S. at 158; *United States v. Green*, 258 F.3d 683, 690 (7th Cir. 2001); *United States v. Colvin*, 353 Fed. Appx. 847, 848-49 (4th Cir. 2009). The Fourth Circuit has stated that "[c]orroborative testimony consisting of prior, consistent statements is ordinarily inadmissible unless the testimony sought to be bolstered has first been impeached." *United State v. Lowe*, 65 F.3d 1137, 1144 (4th Cir. 1995). In sum, if the above conditions are present, Plaintiff Gibbs can testify that Butch Palmore told her that a Heartland Express truck was involved in the wreck.

Defendant Heartland Express argues that Rule 801(d)(1)(B) applies only to the declarant testifying about his own prior statements. Therefore, Defendant argues, Rule 801(d)(1)(B) is inapplicable to Gibbs's testimony about her conversation with Palmore. However, Rule 801(d)(1)(B) does not bar the introduction of a prior consistent statement through the testimony of someone other than the declarant, so long as the declarant is available for cross examination about the statement at some time during the trial. *See Green*, 258 F.3d at 692 (collecting cases); *United States v. Provenzano*, 620 F.2d 985, 1000–02 (3d Cir. 1980); *United States v. Dominguez*, 604 F.2d 304, 311 (4th Cir. 1979); *United States v. Allen*, 579 F.2d 531, 532 (9th Cir. 1978); *United States v. Lanier*, 578 F.2d 1246, 1255–56 (8th Cir. 1978); *United States v. Zuniga–Lara*, 570 F.2d 1286, 1287 (5th Cir. 1978); *United States v. McGrath*, 558 F.2d 1102, 1107 (2d Cir. 1977); *United States v. Montague*, 958 F.2d 1094, 1099 (D.C.Cir. 1992); *United States v. Hebeka*, 25 F.3d 287, 291 (6th Cir. 1994); *United States v. Piva*, 870 F.2d 753, 758 (1st Cir. 1989); *United States v. Griggs*, 735 F.2d 1318, 1325–26 (11th Cir. 1984); *United States v. Sutton*, 732 F.2d 1483, 1493–94 (10th Cir. 1984); *see also* 30B Michael H. Graham, Federal Practice And Procedure, § 7012 at 135 (2000) ("Where admissible, the prior consistent statement may be testified to by either the witness himself or any other person with personal knowledge of the statement."). Accordingly, Defendant Heartland Express's motion *in limine* to exclude Plaintiff Gibbs from testifying that Butch Palmore told her a Heartland Express truck was involved in the wreck is **DENIED**.

II.     Reference to Insurance and Plaintiff's ability to pay for medical treatment

Defendant Heartland Express seeks to exclude any and all references to insurance or the Plaintiff's ability to pay medical costs. Plaintiff Gibbs testified in her deposition that she stopped medical treatment for her injuries early because of a payment issue and her lack of insurance. [Gibbs

Dep., ECF No. 59-1 at 4]. Defendant Heartland Express argues that Plaintiff's testimony is inadmissible under the "collateral source rule." Defendant also argues the testimony is irrelevant and inadmissible under Rules 401 and 403 because the statements pertaining to insurance have no probative value, may unduly prejudice Defendant, and would likely mislead the jury.

Plaintiff responds that Defendants will certainly argue that Plaintiff had gaps in her medical treatment. Plaintiff contends an appropriate response would be that she had no health insurance and accordingly was unable to treat during those periods of time because of the lack of health insurance.

South Carolina law recognizes the common-law collateral source rule, which provides "that compensation received by an injured party from a source wholly independent of the wrongdoer will not reduce the damages owed by the wrongdoer." *Covington v. George*, 597 S.E.2d 142, 144 (S.C. 2004) (quoting *Citizens and S. Nat'l Bank of S.C. v. Gregory*, 463 S.E.2d 317, 318 (1995) ). This long-established rule recognizes that "[a] tortfeasor cannot 'take advantage of a contract between an injured party and a third person, no matter whether the source of the funds received is an insurance company, an employer, a family member, or other source.' " *Id.* "[T]he purpose of the collateral source rule is to give the injured party the benefit of any windfall rather than allowing the tortfeasor to profit by his wrongful acts." *Bardsley v. Government Employees Ins. Co.*, 747 S.E.2d 436, 442 (S.C. 2013). The collateral source rule operates to prevent a tortfeasor from receiving a reduction in damages due to payments or compensation received by the injured person from a source wholly independent of the tortfeasor including both gratuitous benefits and nongratuitous benefits arising from employment, insurance, or other contractual agreements. *Juaire v. United States*, No. 4:09-cv-709-TLW, 2012 WL 527598, at *15 n.12 (D.S.C. Feb. 16, 2012) (citing *Dixon v. Besco Engineering, Inc.*, 463 S.E.2d 636 (S.C. Ct. App. 1995).

Based on the above authorities, the Court finds the collateral source rule is inapplicable to a situation where the Plaintiff, in an attempt to explain gaps in her medical treatment, testifies that she *lacks* health insurance and/or the ability to pay for her medical treatment. Defendant Heartland Express cites *Diviney v. Vantrease*, No. 1:11CV149, 2012 WL 5252060 (N.D.W. Va. Oct. 24, 2012), and argues the collateral source rule generally prohibits inquiry as to whether the plaintiff has received payments from collateral sources. However, *Diviney* involved a situation where the defendant sought discovery of charitable donations for the care of the injured party. The court in *Diviney* held that the defendant's discovery request was not permissible under the collateral source rule and denied defendant's motion to compel. *Diviney* is not applicable to the issue here and did not involve a situation where a plaintiff wanted to testify about her lack of health insurance as the reason she did not get medical care. Defendant attempts to use the collateral source rule as a shield to prevent Plaintiff from explaining gaps in her medical treatment. The collateral source rule, however, was never intended for that purpose. As stated above, the purpose of the collateral source rule is to give the injured party the benefit of any windfall rather than allowing the tortfeasor to profit by his wrongful acts. *Bardsley*, 747 S.E.2d at 442. It does not apply here.

Plaintiff Gibbs can testify that gaps in her medical treatment were the result of her inability to pay. Testimony regarding Gibbs's inability to pay is relevant under Rule 401[1] and admissible under Rule 403[2] in that its probative value (to explain gaps in Plaintiff Gibbs's medical treatment) is

---

[1] Fed. R. Evid. 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

[2] Fed. R. Evid. 403 provides "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  It is, however, unnecessary for Plaintiff Gibbs to testify that she lacked health insurance.  Injecting issues of health insurance into this case may unnecessarily confuse or mislead the jury.  The danger of confusing or misleading the jury outweighs the testimony's probative value, especially when Plaintiff can simply testify that gaps in her medical treatment were the result of her inability to pay for the required medical care.  Accordingly, Rule 403 prevents Plaintiff from testifying that she lacked health insurance.  Plaintiff can testify that she could not afford the needed medical care without mentioning her lack of health insurance.

Defendant Heartland Express's motion *in limine* to exclude Plaintiff Gibbs's testimony that gaps in her medical treatment were due to her lack of health insurance and inability to pay is **GRANTED in part and DENIED in part**.

### Conclusion

For the reasons stated above, Defendant Heartland Express, Inc.'s [ECF No. 59] motion *in limine* is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED.

October 16, 2018                                          s/ R. Bryan Harwell
Florence, South Carolina                          R. Bryan Harwell
                                                                   United States District Judge