# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | |
|---|---|
| **Felicia Gibbs; Hannah Gibbs; Felicia Gibbs as Guardian ad Litem for A.G.; Felicia Gibbs as Guardian ad Litem for R.G.; Elijah Gibbs; and Calvin Gibbs,**<br><br>　　　　　　　　　　**Plaintiffs,**<br><br>v.<br><br>**John Doe and Heartland Express, Inc.,**<br><br>　　　　　　　　　　**Defendants.** | Case No.: 4:17-CV-00179-RBH<br><br><br>**ORDER APPROVING<br>MINOR SETTLEMENT** |

This matter comes before the Court on the verified Petition of Felicia Gibbs, as mother and Guardian ad Litem for R. G., a minor child, in the above-referenced action, praying approval by this Court of an offer of settlement made on behalf of Defendants Heartland Express, Inc. and John Doe. At a hearing held before me on this date, it appeared that an incident occurred on or about April 12, 2016 when R. G. allegedly sustained injuries in a tractor-trailer accident.

In the interest of compromise, Heartland Express, Inc. and John Doe have offered to settle all claims by payment of the sum of Nine Thousand Three Hundred Twenty-Five and 29/100 ($9,325.29) Dollars; additionally Medpay Proceeds of Three Thousand Five Hundred Twenty-Seven and 00/100 ($3,527.00) Dollars, consistent with the following terms:

　　　　a.　　$2,331.32 for Petitioner's attorney fees;

　　　　b.　　$401.06 for firm expenses;

　　　　c.　　$295.57 for Subrogation costs (Discovery Health Partners);

　　　　d.　　$9,824.34 for the minor's sole use and benefit;

Payment of this sum is to be in exchange for a full, final, and complete release and discharge of any and all claims which the minor or the minor's parents or anyone else on the minor's behalf may have against Heartland Express, Inc. and John Doe, as a result of the minor being allegedly injured on April 12, 2016, said payment to be issued pursuant to the Petition filed with this Court.

It appears that the Petitioner has been fully advised and informed as to the issues herein considered. It further appears that the ultimate result of this litigation would be uncertain and that under the circumstances, the settlement proposal among the parties hereto is fair and just and in the best interest of the minor child accordingly;

This Court finds that the requirements of South Carolina Code Ann. Section 62-5-433 have been met and complied with.

This Court finds that any requirements for a hearing have been complied with under South Carolina Code Ann. Section 62-5-433.

South Carolina Code Ann. Section 62-5-433 states that "court" means either the circuit or probate court of the county in which the minor resides or the circuit or probate court in the county in which the suit is pending. Under South Carolina Code Ann. Section 62-5-433, I find this is the proper court in order to effect this settlement.

Upon full consideration of this matter, it appears to the Court that these settlement proposals outlined hereinabove and in the Petition are fair and just and in the best interests of the parties.

**IT IS ORDERED, ADJUDGED AND DECREED** that the settlement proposed herein be and hereby is approved and that upon payment of the sums of Nine Thousand Three Hundred Twenty-Five and 29/100 ($9,325.29) Dollars; additionally with Medpay Proceeds of Three Thousand Five Hundred Twenty-Seven and 00/100 ($3,527.00) Dollars, this proceeding shall be thereby settled and

forever ended with prejudice, and Defendants, their agents, heirs, insurers, successors and assigns, and any and all other persons, firms, and corporations whomsoever, shall be fully, finally, and forever released of any and all further liability to the minor child or her parents or anyone else on her behalf arising out of the incident described herein above. The Petitioner is hereby authorized to consummate this settlement and execute the proper Release which shall be binding upon the minor child, her parents and anyone else who would act on her behalf.

**IT IS ORDERED, ADJUDGED AND DECREED** that the Petitioner, individually and as Guardian ad Litem for the minor, the minor, and any representatives of either are forever barred from making any further claim or claims against Defendants, their heirs, insurers, successors and assigns, and any and all other persons, firms, and corporations whomsoever, and barred from any and all actions, causes of action, demands and/or claims of whatsoever nature which Petitioner, individually and as Parent and Natural Guardian and Guardian ad Litem for the minor, the minor, and any representatives of either have or may have or may in the future have against Defendants, their agent, heirs, insurers, successors and assigns, and any and all other persons, firms, and corporations whomsoever, on account of or in any way growing out of the incident.

**IT IS ORDERED, ADJUDGED, AND DECREED** that the settlement shall cover and include and does cover and include any and all future injuries, expenses or damages not known to any of the Parties hereto, but which may later develop or be discovered, including the effects and consequences thereof.

**IT IS ORDERED, ADJUDGED AND DECREED** that the settlement proposal set forth hereinabove is approved, and the Petitioner is hereby authorized and directed to execute the Settlement Agreement and Release that releases Defendants, their agents, heirs, insurers, successors

and assigns, and any and all other persons, firms, and corporations whomsoever, from any and all claims or actions arising out of the alleged injuries of the minor.

**IT IS ORDERED, ADJUDGED, AND DECREED** that the settlement proceeds are paid as full and complete settlement and satisfaction of the past, present and future claims against Defendants, their agents, heirs, insurers, successors and assigns, and any and all other persons, firms, and corporations whomsoever, for the medical expenses which are not now known and which may later develop. The Petitioner and her attorney and representatives certify, represent and warrant that any subrogation claims/liens in this matter resulting from the alleged accident, shall be paid from the settlement proceeds and Felicia Gibbs, individually, and/or as Petitioner and Parent and Natural Guardian of R. G., will indemnify, defend, and hold harmless Defendants, their agents, heirs, insurers, successors and assigns, and any and all other persons, firms, and corporations whomsoever, from any and all debts, claims, actions, causes of action, all other claims, suits, indemnity claims, claims in regard to the distribution and/or disbursement of the settlement proceeds, damages, judgments and/or demands whatsoever, in law or in equity, which have existed, now exist or may later come into existence against Defendants, their heirs, insurers, successors and assigns, and any and all other persons, firms, and corporations whomsoever, arising out of or in any way related to the above-described claims.

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Petitioner pay and/or extinguish all subrogation or lien holder interest as to any claim herein released including but not limited to any and all medical liens, Medicaid liens, healthcare liens, healthcare insurance liens, and any and other liens including past, present, and future liens. The Court orders that Felicia Gibbs, individually and/or as Parent and Natural Guardian and Guardian ad Litem**,** her heirs, successors, and assigns, forever hold harmless, indemnify, and defend Defendants, their agents,

heirs, insurers, successors and assigns, and any and all other persons, firms, and corporations, as to any claim herein released which have existed, now exist or may later come into existence against Defendants, their agents, heirs, insurers, successors and assigns, and any and all other persons, firms, and corporations whomsoever.

    **AND IT IS SO ORDERED.**

May 23, 2019　　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge